■ PLANTATION HOUSE & GARDEN PRODUCTS, INC., Appellant, v R-THREE INVESTORS et al., Defendants, and SIGMAN-WEISS ASSOCIATES, P. C., et al., Respondents. [670 NYS2d 505] —In an action, inter alia, to recover damages for negligence and breach of contract, the plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Doyle, J.), dated March 17, 1997, as granted those branches of the motion of the defendants Sigman-Weiss Associates, P. C., Donald Sigman, and John Horstmann which were for summary judgment dismissing the fifth and seventh causes of action.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, those branches of the respondents' motion which were for summary judgment dismissing the fifth and seventh causes of action are denied, and the fifth and seventh causes of action are reinstated.

It is well settled that "when parties set down their agreement in a clear, complete document, their writing should as a rule be enforced according to its terms" (W.W.W. Assocs. v Giancontieri, 77 NY2d 157, 162). In the instant case, the respondent engineers and their professional corporation agreed, inter alia, to review work performed in connection with the construction of a warehouse built for the plaintiff. Although the respondents informed the plaintiff, inter alia, that the concrete floor of the warehouse had been completed and "installed in accordance with plans and specifications", about two years after the warehouse was completed, abnormally large cracks began to appear in the concrete floor. Further, the plaintiff presented evidence that the concrete cracked in the manner in which it did because "[t]he floor was not constructed in conformance with the construction plans and the outline specifications for the construction of the [warehouse]". Therefore, a triable issue of fact exists as to whether respondents breached the contract.

Similarly, a triable issue of fact exists as to whether the respondents negligently represented that the concrete floor had been installed according to the plans. "The long-standing rule is that recovery may be had for pecuniary loss arising from negligent representations where there is actual privity of contract between the parties or a relationship so close as to approach that of privity" (*Ossining Union Free School Dist. v Anderson LaRocca Anderson,* 73 NY2d 417, 424). Bracken, J. P., Copertino, Santucci, Florio and McGinity, JJ., concur.